IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

KRISTINA M. D.,

   Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of the
Social Security Administration,

   Defendant.

Case No. 21-CV-09-JFH-SPS

## OPINION AND ORDER

Before the Court is the Report and Recommendation of the United States Magistrate Judge Steven P. Shreder reviewing the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny disability benefits to Plaintiff Kristina M. D. ("Plaintiff"). Dkt. No. 21. The Magistrate Judge recommends the Social Security Administration Commissioner's decision to deny benefits be affirmed. *Id*. For the reasons set forth below, the Court agrees, overrules Plaintiff's objection [Dkt. No. 22], adopts the Magistrate Judge's Report and Recommendation [Dkt. No. 21], and affirms the Commissioner's denial of benefits.

## BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on February 26, 2018. Dkt. No. 10 at 21. Plaintiff's claim was initially denied on July 30, 2018 and again upon reconsideration on December 3, 2018. *Id*. At the request of Plaintiff, an administrative hearing was held in Tulsa, Oklahoma on November 8, 2019 before Administrative Law Judge

---

[1] On July 9, 2021, Kilolo Kijakazi became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

Christopher Hunt ("ALJ"). *Id*. By written decision on November 20, 2019, the ALJ found that Plaintiff was not disabled. *Id*. at 36. Plaintiff timely filed this appeal on January 11, 2021. Dkt. No. 2.

United States Magistrate Judge Steven P. Shreder issued his Report and Recommendation ("Report") on February 24, 2022, recommending that the Commissioner's decision be affirmed. Dkt. No. 21. Plaintiff timely filed her objection to the Magistrate Judge's Report on March 10, 2022, requiring review by this Court. Dkt. No. 22.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." In the disability benefits context, de novo review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)). It is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). On review, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

# DISCUSSION

Plaintiff objects to the Report and Recommendation [Dkt. No. 21] on two (2) bases:

1. The Magistrate Judge erred in finding that the ALJ properly evaluated the medical evidence, including findings regarding severe conditions; and

2. The Magistrate Judge incorrectly determined that the ALJ properly found inconsistencies in the record.

Dkt. No. 22. The Court will address each objection in turn.

## I.     Evaluation of Medical Evidence

First, Plaintiff takes issue with the ALJ's consideration of the medical evidence in the record. Dkt. No. 10 at 2-8. Plaintiff argues that the ALJ erred in failing to assess whether Plaintiff's diagnoses of hypothyroidism and plantar calcaneal heel spurs were severe or nonsevere. *Id.* at 3. However, whether or not these conditions were determined to be severe or nonsevere is not reversable error. "[A]n ALJ need only find[] one severe impairment [at step two.]" *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). This is because "[b]y its plain terms, the regulation requires a claimant to show only '*a* severe' impairment—that is, *one* severe impairment—to avoid a denial of benefits at step two." *Id.* (emphasis in original). Therefore, "the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Id.* Here, the ALJ found four (4) severe impairments and, accordingly, Plaintiff's argument fails. Dkt. No. 10 at 23-24.

Additionally, Plaintiff asserts that the ALJ "fail[ed] to include all impairments throughout the disability process" suggesting that the ALJ failed to properly consider the medical evidence as a whole. This argument also fails. An ALJ is not required to discuss every piece of evidence as long as the record demonstrates that the ALJ considered all the evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Here, the record is clear that the ALJ considered all the

3

evidence. Specifically, the ALJ provided an in-depth seven-page analysis on the medical evidence. Dkt. No. 10 at 28-34. This is more than sufficient to demonstrate that the ALJ considered all evidence.

To be sure, Plaintiff set forth specific diagnoses and symptoms that she alleges the ALJ did not properly consider; however the ALJ considered each of these: numbness in her left leg and foot/heel (considered by the ALJ at Dkt. No. 10 at 29); neuropathy pain (considered by the ALJ at Dkt. No. 10 at 23, 27, 29-31, and 33); bilateral leg pains (considered by the ALJ at Dkt. No. 10 at 24); low back pain (considered by the ALJ at Dkt. No. 10 at 24); objective pain and tenderness of cervical back (considered by the ALJ at Dkt. No. 10 at 30, 32, and 34); hypothyroid (considered by the ALJ at Dkt. No. 10 at 30-33); headaches (considered by the ALJ at Dkt. No. 10 at 29); depression (considered by the ALJ at Dkt. No. 10 at 28-30); and dyspnea and chest pain (considered by the ALJ at Dkt. No. 10 at 29-30). Dkt. No. 22 at 3-5. Plaintiff's assertion here is clearly unfounded.

Plaintiff further takes issue with the ALJ's treatment of Dr. Christopher L. Sudduth's report, accusing the ALJ of "minimizing objective evidence from an agency consultant, Dr. Sudduth." Dkt. No. 22 at 6. Regarding Dr. Sudduth's report, the ALJ explained that he was "not persuaded by Dr. Sudduth's opinion that [Plaintiff's] cane was medically necessary because it is not consistent with or supported by the medical evidence of the record."[2] Dkt. No. 10 at 31. "Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir.) (internal citation omitted). The ALJ was not "minimizing" or "picking and choosing" but rather weighing the evidence. This Court cannot and will not reweigh the evidence on Plaintiff's behalf.

---

[2] The ALJ's finding of inconsistencies in the record discussed in more detail *infra*.

Finally, Plaintiff argues that "the ALJ improperly exercised his own 'medical expertise'" and erred by not ordering additional examinations regarding Plaintiff's psychological and rheumatic conditions. Dkt. No. 22 at 7. The burden of proof lies with the claimant to demonstrate that a particular impairment exists. *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). "When the claimant has satisfied his or her burden in that regard, it *then, and only then*, becomes the responsibility of the ALJ to order a consultative examination *if* such an examination is necessary or helpful to resolve the issue of impairment." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (emphasis added). "Further, when the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel . . . to identify the issue or issues requiring further development." *Id*. (citing *Glass v. Shalala*, 43 F.3d 1392, 1394-96 (10th Cir. 1994) (refusing to remand for further development of the record where the ALJ had carefully explored the applicant's claims and where counsel representing claimant failed to specify the additional information sought)). The Tenth Circuit has found that "[i]n the absence of such a request by counsel, [it] will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record." *Id*. at 1168.

Upon review of the administrative hearing transcript, the Court finds that Plaintiff's counsel did not raise or identify any issues that required further development. Dkt. No. 10 at 45-73. In the absence of such a request, the ALJ did not have a duty to order a consultative examination unless the need for one was clearly established in the record. The Court further finds that the record does not establish the need for a consultative examination.

"The ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning." *Hawkins*, 113 F.3d at 1168. Rather, the ALJ's duty is limited to "fully and fairly develop[ing] the record as to material issues." *Id*. (citing *Baca v. Dept. of*

5

*Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993). A consultative examination is a tool that an ALJ may order where the evidence is insufficient to evaluate the claim. 20 C.F.R. § 404,1519a. Plaintiff argues that a psychological or rheumatology consultative examination was necessary to develop the record here because "there was no medical opinion from any source regarding her mental limitations from her pain, fatigue and depression symptoms likely cause by her hypothyroidism on or before her date last insured." Dkt. No. 22 at 7. However, the ALJ found that there was sufficient evidence regarding these issues based on Plaintiff's own testimony. For example, Plaintiff testified at the administrative hearing that her depression medication was working, making her calm and relaxed, helping her sleep, and alleviating confusion. Dkt. No. 10 at 62. While she indicated that she still experiences depressed moods on occasion, Plaintiff noted that these bouts of depression were situational and tied to specific physical or financial situations. *Id*. at 62-63. Based on Plaintiff's own testimony, and her counsel's silence regarding any issues with the medical evidence at the administrative hearing, the Court finds that the record was sufficient for the ALJ to make a determination without the need for a consultative examination.

## II.     Finding of Inconsistencies in the Record

Next, Plaintiff argues that the Magistrate Judge incorrectly determined that the ALJ properly found inconsistencies in record. Dkt. No. 22 at 8-10. To the extent Plaintiff argues that there was not substantial evidence to support the ALJ's determination that Plaintiff was not entirely credible, this Court disagrees. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995) (citing *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)). "[F]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id*.

(citing *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir.1988) (footnote omitted); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir.1992) (ALJ "must articulate specific reasons for questioning the claimant's credibility" where subjective pain testimony is critical); *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir.1988) ("failure to make credibility findings regarding . . . critical testimony fatally undermines the Commissioner's argument that there is substantial evidence adequate to support her conclusion that claimant is not under a disability")). In determining whether a claimant's subjective complaints of pain are credible, the ALJ should consider various factors, such as:

> The levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Wilson v. Astrue*, 602 F.3d 1136, 1145 (10th Cir. 2010) (quoting *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir.1991)) (finding that while "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms [, ] the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.").

Here, the ALJ found that Plaintiff's subjective complaints were not consistent with the nature of Plaintiff's daily activities, nor with the objective medical evidence in the record. For example, the ALJ noted that although Plaintiff reported a moderate limitation regarding her ability to concentrate, persist, and maintain pace, the record reflected that Plaintiff enjoyed cooking Native American food, could count change, and drew for 3-4 hours every evening. Dkt. No. 10 at 26 (citing to Plaintiff's hearing testimony and exhibits). The ALJ also noted that while Plaintiff alleged that she was prescribed a cane to assist with walking, the record did not reflect any such prescription, the Plaintiff did not use a cane to assist with walking at the hearing, and, in fact,

Plaintiff had been without her cane for approximately two (2) months prior. *Id*. at 33. Because the ALJ's decision points to specific instances of inconsistencies, both in the record and in testimony, this Court finds that there is substantial evidence on the record to support the ALJ's credibility determination. *See Wilson*, 602 F.3d at 1144. The Magistrate Judge did not err in also making such a finding.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Kristina M. D.'s Objection [Dkt. No. 22] is **OVERRULED**, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 21], and **AFFIRMS** the Commissioner's denial of benefits.

**IT IS SO ORDERED** this 3rd day of June 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE